# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 16CR867-GPC |
| Plaintiff, | |
| v. | **ATTORNEY'S EYES ONLY PROTECTIVE ORDER** |
| EDWIN FULLER, | |
| Defendant | |

On September 8, 2017, the UNITED STATES OF AMERICA, by and through its counsel, Alana W. Robinson, Acting United States Attorney, and Orlando B. Gutierrez, Assistant United States Attorney, lodged a proposed "Attorney's Eyes Only Protective Order." The request for the proposed order was made in open court and is made pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure.

The basis for the proposed order is set out in the Government's Ex Parte *In Camera* Proffer Concerning Cooperating Witnesses which was filed under seal on July 28, 2017. Dkt. Nos. 34 and 35. In the proffer, the Government identifies specific safety concerns that would be created by premature disclosure of the identity of cooperating witnesses to anyone outside of the defense team. Based upon the Court's review of the *in camera* submission, the Court concludes that there is good cause to issue an Attorney Eyes Only

Protective Order as requested. The proposed order addresses the need of defense counsel to have the identifying information regarding cooperating witnesses sufficiently in advance of trial so that there can be adequate investigation of the cooperating witnesses for trial. In addition, the order permits defense counsel to raise with the Court concerns or objections regarding the scope of the order in advance of trial.

**WHEREAS** the government must provide discovery to the defense pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972); and the Jencks Act, 18 U.S.C. § 1600, (the "discovery obligations"). The court finds there is good cause for a protective order based upon the facts of this case as set out in the court's prior protective order. The government asserts that the highly confidential discovery material ("HCDM") contains other items covered by Rule 16(a)(1)(E)(i), including statements by eyewitnesses, cooperating defendants, and confidential government sources regarding defendant and co-conspirators in this case as well as photographs, and media files that would identify such persons, and;

**IT IS HEREBY ORDERED**, the HCDM items shall be disclosed to the assigned defense attorney (counsel of record), the defense attorney's legal assistant, and one designated defense investigator (collectively "the Defense") pursuant to this Attorney's Eyes Only Protective Order **four weeks in advance of trial** (by the close of business on **September 18, 2017**), currently set for October 16, 2017. This period of time is to enable the Defense to prepare for trial without prematurely identifying the cooperating witnesses. Following the receipt of HCDM items, the Defense shall not disclose, or provide, or discuss in any fashion, any of the materials contained in the HCDM (copies or otherwise) to the defendant. Moreover, following the receipt of HCDM items, the Defense shall also not provide copies, photographs or scans of any HCDM items to any third party not subject to this Order. This specifically includes any HCDM items which identify any cooperating witnesses that are contained in the HCDM.

**IT IS FURTHER ORDERED,** the Defense may discuss and review the aforementioned HCDM items with the defendant no earlier ***than seven days prior to the commencement of trial*** (starting Monday, **October 9, 2017**).  The Defense may not, at any time, leave any HCDM items, copies, photographs, or scans of HCDM items, with the defendant or any third party not subject to this Order.

The Defense shall abide by all terms and conditions of the Attorney's Eyes Only Protective Order.  Prior to receiving any HCDM items produced by the Government pursuant to the Attorney's Eyes Only Protective Order, the defense attorney's legal assistant, and the defense investigator shall sign an acknowledgement of their obligations under the Order.

The written acknowledgement will be:

"I am the designated defense investigator (or," I am the defense attorney's legal assistant") for defendant Fuller in case 16CR867-GPC.  I understand that I am a member of "the Defense."  I acknowledge that I have read and reviewed the Attorney Eyes Only Protective Order in case 16CR867-GPC.  Further, I understand the Court's Order and I understand that I must comply with all the terms and conditions set forth in the Attorney Eyes Only Protective Order with respect to any HCDM items produced by the Government pursuant to the aforementioned Order."

**IT IS FURTHER ORDERED** that the Government shall disclose HCDM items to the Defense at the times required under the pertinent discovery obligation as follows:

1.      All HCDM items produced by the Government in this matter shall be so designated and clearly marked on the face of the discovery.  If the Defense disagrees with the Government's decision designating certain material as HCDM, the Defense shall inform the Government in writing of the basis for its objection to the designation.  If the Government does not then agree to withdraw the designation, the parties shall put the matter before the Court;

2.      The Defense shall not disclose the substance of any HCDM items received from the Government in the above-captioned matter, to any third party, unless such material is already a matter of public record, without prior approval of this Court;

3.      None of the HCDM items shall be shown to, discussed with, or disclosed in any other manner to the defendant, prior to **October 9, 2017** or as authorized by the Court in writing;

4.      The HCDM items may not be copied or further disseminated, ***in any way,*** to any other person or entity who is not part of the Defense;

5.      Nothing contained herein shall preclude the Government or the Defense from conducting a pre-trial investigation of the facts of this case.  Additionally, no party shall be limited, from conducting a pre-trial investigation of other criminal activities, including interviewing witnesses disclosed by HCDM items, or from taking statements from witnesses disclosed by said HCDM items, or from asking any identified witnesses if they themselves have made prior statements to the Government that are disclosed in the HCDM items, and about the contents of such statements.  In connection with any such pre-trial investigation, it shall not be necessary that the Government or the Defense obtain prior permission of this Court;

6.      Should defense counsel withdraw or be disqualified from participation in this case, any HCDM items received and any copies or reproductions derived therefrom, shall be returned to the Government within ten (10) calendar days after the day they withdrew or were disqualified;

7.      Finally, defense counsel is directed to communicate the substance of this order and explain it to her assistant and investigator before making any HCDM items available to them.

**SO ORDERED.**

Dated:  September 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge